Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Carro, Bloom, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FERNANDEZ, Also Known as COLAS FERNANDEZ, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Carro, Bloom, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HENRY, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P.J., Carro, Bloom, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KUTSCHERENKO, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Sandler, J. P., Ross, Asch, Fein and Kassal, JJ.

(April 18,1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN GADSDEN, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Kupferman, Ross, Carro and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FLOWERS, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Ross, Bloom, Kassal and Rosenberger, JJ.

■ CHRISTIAN RUPERT OF NEW YORK, INC., et al., Respondents, v ELIZABETH MALLINCKRODT, Appellant.

In 1977 defendant Mallinckrodt and plaintiff Christian Rupert formed Christian Rupert of New York, Inc. for the purpose of marketing women's clothes to be designed by Rupert. Defendant owned 51 shares of the corporation's common stock, for which she paid $100,000, while plaintiff owned 49 shares. In December 1982 the business was declared a failure, and defendant resigned as director, returning her stock to the company. Plaintiff thereafter commenced the instant action against defendant.

The first cause of action, seeking to hold defendant liable for the corporation's Federal taxes, was dismissed for failure to state a cause of action in that defendant could not be held personally liable for the debts of the corporation. The second cause of action, alleging a promise by defendant to pay the corporation's obligations, was likewise dismissed in that an oral promise to answer for the debt of another is unenforceable under the Statute of Frauds. The propriety of these determinations is